**SUMMONS - CIVIL**
JD-CV-1 Rev. 9-12
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

COPY

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, CT 06905 | (203) 965-5308 | October 30, 2012 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District ☐ Housing Session | G.A. Number: | Stamford, CT | Major: T90  Minor: M90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Albert Feinstein, Esq., 1500 Broadway, Suite 1900, New York, NY 10036 | 432813 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (212) 224-0224 | |

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Evgeniy Ardemasov<br>Address: 3 Hekma Road, Greenwich, CT 06831 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Citibank, National Association<br>Address: 399 Park Avenue, New York, NY 10022 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

A TRUE COPY
ATTEST:
RICHARD T. DeLUCIA
STATE MARSHAL, FAIRFIELD COUNTY

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left<br>Albert Feinstein, Esq | Date signed<br>10/03/2012 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 |
|---|
| Albert Feinstein, Esq |

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date<br>10/03/2012 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

CONNECTICUT SUPERIOR COURT
FAIRFIELD JUDICIAL DISTRICT
**RETURN DATE: OCTOBER 30, 2012**

------------------------------------------------------------------ x

EVGENIY ARDEMASOV

                                                Index No.

                          Plaintiff,

                                                **VERIFIED COMPLAINT**

                  – against –

CITIBANK, N.A.

                          Defendants.

------------------------------------------------------------------ x

Plaintiff Evgeniy Ardemasov ("PLAINTIFF" OR "ARDEMASOV), through its attorney, Law Offices of Albert Feinstein, as for the Complaint against Citibank, N.A. ("DEFENDANT" OR "CITI") alleges as follows:

## JURISDICTION & VENUE

1. Jurisdiction is proper because substantial part of the acts or omissions giving rise to the claims herein occurred in Connecticut.

2. Venue is proper in this Court because Plaintiff resides at 3 Hekma Road, Greenwich, CT and the causes of actions which are alleged in this Complaint arose in Connecticut.

## FACTUAL ALLEGATIONS

3. This action is to recover for damages which resulted from Citi's negligence, tortious interference with a business relationship, negligent interference with contract, violation of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, and fraudulent concealment. While knowing that it was not intending or capable of

2

A TRUE COPY
ATTEST:
RICHARD T. DeLUCIA
STATE MARSHAL, FAIRFIELD COUNTY

providing financing to Plaintiff, Citi engaged into an unprofessional and blatantly unauthorized conduct when it instructed Greenwich Bank ("Greenwich") to cancel Plaintiff's revolving construction line of credit and to suspend the processing of Plaintiff's application for a permanent financing.

4. Greenwich provided a revolving construction line of credit to Plaintiff for the construction and improvement of Plaintiff's house which is located at 3 Hekma Road, Greenwich, CT ("Property").

5. Upon finishing the construction of the Property, Greenwich agreed to provide a permanent financing for $5.5 million at 4.00% annual rate.

6. In or around December of 2011, Plaintiff obtained a certificate of occupancy for the property.

7. In or around January of 2012, Plaintiff applied for a permanent financing with Greenwich.

8. Around the same time, Citi approached Plaintiff representing that it can provide a permanent financing for the Property faster and on better terms compared to those offered by Greenwich.

9. By the end of February of 2012, Plaintiff submitted all required documents under the loan application to Citi.

10. Notwithstanding the above, Plaintiff requested Greenwich to keep his revolving equity line of credit open and to continue processing his application for a permanent financing in case Citi rejects his loan application.

11. In or about April, Greenwich advised Plaintiff that it finalized processing Plaintiff's loan application and that soon it would be submitting the application for the board's approval.

12. Citi claims that in a letter dated April 3, 2011, Citi advised Plaintiff that it could not process Plaintiff's loan application because Plaintiff did not submit certain documentation. In the same letter, Citi advised Plaintiff that it would terminate the processing of the Plaintiff's loan unless Plaintiff provided documents within 10 days of the letter.

13. Plaintiff never knew about this Citi's letter because Citi sent the letter to Plaintiff's previous address.

14. Yet on April 6, unbeknownst to Plaintiff, Citi contacted Greenwich, and instructed Greenwich to freeze Plaintiff's revolving construction line of credit with Greenwich and advised Greenwich that Citi would pay off Plaintiff's revolving line of credit with Greenwich on or before June 1.

15. In accordance with Citi's instructions, Greenwich did freeze the Plaintiff's revolving construction line of credit. In addition, Greenwich cancelled Plaintiff's already finalized application with Greenwich for permanent financing.

16. Plaintiff found out about Citi's instructions to Greenwich in May when Greenwich notified Plaintiff that it would be terminating Plaintiff's revolving construction line of credit and that Plaintiff's application for permanent financing was rejected because of Citi's instructions and representations that it was going to close on Plaintiff's loan on or before June 1.

17. Citi later admitted that it was never willing or able to provide the financing to Plaintiff.

18. As the result of Citi's willful, improper and unauthorized conduct, Greenwich closed Plaintiff's revolving line of credit and Plaintiff's application for permanent financing was rejected.

19. As the further result of Citi's actions, Plaintiff suffered substantial direct and consequential material loss.

# FIRST
# CAUSE OF ACTION
# (NEGLIGENCE)

20. Plaintiff repeats, realleges, and incorporates herein by reference, all preceding and succeeding paragraphs as if set forth in their entirety herein.

21. At all relevant times alleged in this complaint, Citi owed a duty to Plaintiff not to act unreasonably.

22. Citi breached this duty when, on April 6, 2012, without Plaintiff's authorization and knowledge it requested Greenwich to close down Plaintiff's revolving construction line of credit and to stop processing Plaintiff's application for a permanent financing because, according to Citi, it was supposed to close on Plaintiff's loan on or before June 1st.

23. At the time the request was made Citi was not intending or capable to close on or before June 1st.

24. According to Citi's own admissions, as of April 3, it lacked documents absence of which did not allow for a further consideration of Plaintiff's loan application.

25. Moreover, on June 6th, Citi admitted that Plaintiff's loan was still underwriting.

26. Plaintiff did not submit any documents to City between April 3 and April 6, the review of which would empower Citi to demand a cancellation of Plaintiff's credit line issued by Greenwich.

27. The actions described above are clearly unreasonable.

28. Citi acted negligent in processing Plaintiff's loan application and giving unauthorized instructions to third-parties.

29. As a direct and proximate result of Citi's actions, Plaintiff's equity line of credit was closed and his application for a credit line renewal with Greenwich was rejected.

30. Citi's conduct resulted in (a) actual damages to Plaintiff in an amount to be determined at trial, but not less than $500,000; (b) cost and disbursements; and (d) attorney's fees.

## SECOND
## CAUSE OF ACTION
### (INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS)

31. Plaintiff repeats, realleges, and incorporates herein by reference, all preceding and succeeding paragraphs as if set forth in their entirety herein.

32. At all relevant times alleged in this complaint, Citi was aware that Plaintiff had an open revolving construction line of credit with Greenwich which Greenwich was in the process of refinancing.

33. Despite this knowledge and without Plaintiff's authorization, Citi interfered with Plaintiff's business relations with Greenwich by instructing Greenwich, on April 6, to issue a pay-off statement and to freeze the line of credit because, according to Citi, it was intending to close on Plaintiff's mortgage on or before June 1st of 2012.

34. Although Citi knew that as of April 6 the closing date for Plaintiff's mortgage with Citi was not in sight, it nonetheless requested Greenwich to close down Plaintiff's revolving construction line of credit.

35. In fact, on April 3, Citi admitted that Ardemesov did not submit enough documents to Citi for it to proceed with his loan application and that if Plaintiff fails to submit those documents in the next couple of days, his loan application would be rejected.

36. Upon information and believe, Citi intentionally issued instructions to Greenwich to take over Plaintiff's business.

37. As a result of Citi's actions, Greenwich closed Plaintiff's credit line and rejected Plaintiff's loan application.

38. Citi is liable to Plaintiff for (a) actual damages in an amount to be determined at trial, but not less than $500,000; (b) punitive damages determined at trial, but not less than $1,000,000; (c) costs and disbursements; and (d) attorneys' fees.

## THIRD CAUSE OF ACTION
### (NEGLIGENT INTERFERENCE WITH CONTRACT)

39. Plaintiff repeats, realleges, and incorporates herein by reference, all preceding and succeeding paragraphs as if set forth in their entirety herein.

40. Citi owed a duty of care to refrain from interfering with Plaintiff's contractual relations with Greenwich.

41. In engaging in the wrongful conduct described herein, Citi negligently failed to take ordinary precautions to avoid interfering with Plaintiff's contractual relations with Greenwich and to avoid causing injury to Plaintiff as the result.

42. As a proximate result of Citi's actions, Plaintiff has suffered injuries and damages.

43. Citi is liable to Plaintiff for (a) actual damages in an amount to be determined at trial, but not less than $500,000; (b) punitive damages determined at trial, but not less than $1,000,000; (c) costs and disbursements; and (d) attorneys' fees.

## FOURTH
## CAUSE OF ACTION
### (VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICE ACT)

44. Plaintiff repeats, realleges, and incorporates herein by reference, all preceding and succeeding paragraphs as if set forth in their entirety herein.

45. The aforementioned acts and omissions represent unfair business practices prohibited by General Statutes § 42-110a, et seq.

46. The aforementioned acts and conduct of Citi have been intentional and knowing.

47. Plaintiff has been injured by Citi's deceptive acts for which there is no adequate remedy at law.

48. Citi is liable to Plaintiff for (a) actual damages in an amount to be determined at trial, but not less than $500,000; (b) punitive damages determined at trial, but not less than $1,000,000; (c) costs and disbursements; and (d) attorneys' fees.

## FIFTH CAUSE
## CAUSE OF ACTION
### (FRAUDULENT CONCEALMENT)

49. Plaintiff repeats, realleges, and incorporates herein by reference, all preceding and succeeding paragraphs as if set forth in their entirety herein.

50. Citi was under an obligation to notify Plaintiff that it contacted Greenwich and requested to close down Plaintiff's revolving line of credit and to stop processing a permanent financing application.

51. Citi knowing that its actions were material and detrimental to Plaintiff, hid and concealed the fact that it contacted Greenwich and such concealment was done fraudulently.

8

52. Had Citi disclosed the actions which it undertook in respect to Plaintiff's revolving construction line of credit with Greenwich and the refinancing application which Plaintiff submitted with Greenwich, Plaintiff would have instructed Greenwich not to follow Citi's requests.

53. Plaintiff was damaged as a result of such fraudulent concealment.

54. Citi is liable to Plaintiff for (a) actual damages in an amount to be determined at trial, but not less than $500,000; (b) punitive damages determined at trial, but not less than $1,000,000; (c) costs and disbursements; and (d) attorneys' fees.

## CLAIM FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, as follows:

    i.    On the First Cause of Action, in the amount to be determined at trial, but in no event less than $500,000.00, plus statutory interest from the date due, until paid in full;

    ii.    On the Second Cause of Action, in the amount to be determined at trial, but in no event less than $500,000.00, plus statutory interest from the date due, until paid in full;

    iii.    On the Third Cause of Action, in the amount to be determined at trial, but in no event less than $500,000.00, plus statutory interest from the date due, until paid in full;

    iv.    On the Fourth Cause of Action, in the amount to be determined at trial, but in no event less than $500,000.00, plus statutory interest from the date due, until paid in full;

    v.    On the Fifth Cause of Action, in the amount to be determined at trial, but in no event less than $500,000.00, plus statutory interest from the date due, until paid in full;

    vi.    For Common Law punitive damages for Defendants' continuous egregious conduct in the amount to be determined at trial, but in no event less than $1,000,000.

    vii.    On all causes of action, Plaintiff's legal fees, costs and disbursements of this action;

    viii.    Such other and further relief as this Court shall deem just and proper.

Plaintiff Evgeniy Ardemasov

Dated: October 3, 2012
New York, New York

By: Albert Feinstein, Esq.
Law Offices of Albert Feinstein
Attorney for Plaintiff
1500 Broadway, Suite 1900
New York, New York 10036
Tel: (212) 224-0224
Fax: (212) 202-4069
Email: albert@albertfeinstein.com
Juris No.: 432813

A TRUE COPY
ATTEST: _____
RICHARD T. DeLUCIA
STATE MARSHAL, FAIRFIELD COUNTY

14:25

CONNECTICUT SUPERIOR COURT
FAIRFIELD JUDICIAL DISTRICT
------------------------------------------------------------- x
EVGENIY ARDEMASOV

                        PLAINTIFF,

          – AGAINST –

CITIBANK, N.A.

                      DEFENDANTS.
------------------------------------------------------------- x

Index No.

**SUMMONS AND COMPLAIN**

A TRUE COPY
ATTEST: RICHARD T. DeLUCIA
STATE MARSHAL, FAIRFIELD COUNTY

LAW OFFICES OF ALBERT FEINSTEIN
ALBERT FEINSTEIN
ATTORNEY FOR PLAINTIFF
1500 BROADWAY
NEW YORK, NEW YORK 10036
TEL: (212) 224-0224