

Noah Weissman
Direct: (212) 541-2028
NMWeissman@bryancave.com

May 14, 2013

**Bryan Cave LLP**
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**VIA FED EX**

Judge Charles S. Haight, Jr.
Richard C. Lee United States Courthouse
141 Church Street
New Haven, CT 06510

Re: *Ardemasov v. Citibank, N.A.*, Case No. 12-01570 (CSH)

Dear Judge Haight:

This firm represents Citibank, N.A. ("Citibank") in the action referenced above. I write in response to the letter dated May 10, 2013 submitted by Plaintiff Evgeniy Ardemasov's attorney, Albert Feinstein. In his letter, Mr. Feinstein inaccurately characterizes Plaintiff's claims, the reasons for Citibank's seeking his withdrawal as counsel, and the status of discovery in this action.

**Bryan Cave Offices**
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Plaintiff's Claims

Plaintiff alleges that he was damaged because Citibank's alleged agent, Mortgage Information Services, Inc. ("MIS"), sent Plaintiff's then current lender, Greenwich Bank and Trust ("Greenwich Bank"), a request for pay-off information on Plaintiff's construction loan, which supposedly caused Greenwich Bank to cancel Plaintiff's construction loan and reject his application for a term loan. Citibank has, in its Answer, denied all of Plaintiff's pertinent allegations. In response to our informal requests for information from Plaintiff's counsel and Greenwich Bank, we have learned that Plaintiff simultaneously sought a term loan, which would pay-off his construction loan with Greenwich, from both Citibank and Greenwich Bank. In the course of considering Plaintiff's eligibility to receive financing, MIS, sent a request to Greenwich Bank seeking the balance of Plaintiff's construction loan. Apparently, this caused some confusion at Greenwich Bank, which supposedly led Greenwich Bank to suspend consideration of Plaintiff's application for a term loan. Mr. Feinstein – acting as Plaintiff's transactional counsel, before assuming his current role as Plaintiff's litigation counsel – contacted Greenwich Bank to negotiate an extension of his construction loan's maturity date so he could renew his efforts to obtain a term loan. Mr. Feinstein also had conversations with Greenwich Bank about reinstating his application for a term loan. With regard to Citibank, Mr. Feinstein had numerous conversations regarding the viability of Plaintiff's loan application with Citibank.

**Bryan Cave**
**International Consulting**
A TRADE AND CUSTOMS CONSULTANCY
www.bryancaveconsulting.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Judge Charles S. Haight, Jr.
May 14, 2013
Page 2

**Bryan Cave LLP**

Ultimately, Citibank determined that Plaintiff did not qualify for a loan. More importantly with regard to Plaintiff's claim, Plaintiff's construction loan was not cancelled as a result of the MIS letter but was extended as a result of Mr. Feinstein's negotiations with Greenwich Bank, and, for some undisclosed reason, Plaintiff never sought to have Greenwich Bank reinstate its consideration of his loan application.

<u>Mr. Feinstein Is A Witness</u>

Through the course of my communications with Mr. Feinstein regarding this case, it became clear that Mr. Feinstein would be a central witness in this action. In reciting the factual history giving rise to Plaintiff's claims, Mr. Feinstein described his discussions and negotiations with Greenwich Bank and Citibank. Accordingly, during the parties' Rule 26(f) conference in February, we informed Plaintiff's counsel that Citibank would need to depose Mr. Feinstein in this action.

On February 11, 2013, I sent a letter to Mr. Feinstein requesting his withdrawal as Plaintiff's counsel pursuant to Local Rule 83.13, which provides that "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or she ... ought to be called as a witness on behalf of the client, he or she shall withdraw from conduct of the trial and the law firm shall not continue representation in the trial." A copy of this letter is attached as Exhibit 1. On February 15, 2013, Mr. Feinstein responded to my letter, asserting that the demand that he withdraw as counsel was "unethical and frivolous and serves no legitimate purpose, but to harass." I responded to Mr. Feinstein that afternoon with a detailed e-mail, including references to eights statements made by Mr. Feinstein, and an additional statement made by Greenwich Bank that was forwarded by Mr. Feinstein, that formed the basis for Citibank's conclusion that Mr. Feinstein would be called as a witness on Plaintiff's behalf. A copy of the e-mail chain containing Mr. Feinstein and my February 15, 2013 e-mails is attached as Exhibit 2. We also referred him to the decision in *Whitserve, LLC v. GoDaddy.com, Inc.*, (D. Conn.) Civil Action No. 3:11-CV-948 (JCH) [D.E. 96] for an application of this Rule and clear support for his withdrawal. Citibank's request that Mr. Feinstein withdraw as counsel was not made to harass Mr. Feinstein. Rather, it was made to comply with Local Rule 83.13 which requires the withdrawal of counsel when it is "obvious" such counsel will be a witness in a case.

<u>After Settlement Discussions Proved Unsuccessful, Plaintiff Suggested Proceeding to Discovery</u>

In an effort to avoid having to immediately address this issue, Mr. Feinstein and I agreed to focus our immediate efforts on settlement discussions. Unfortunately, Plaintiff's settlement expectations were unreasonable – especially in light of the extension of the Greenwich Bank construction loan and his decision not to pursue having Greenwich Bank consider his application for a term loan -- and the parties were unable to reach a resolution. In rejecting Citibank's settlement offer, on March 28, 2013, Mr. Feinstein suggested that the parties proceed to take discovery from Greenwich Bank and Citibank. *See* e-mail attached as Exhibit 3 at page 2 (settlement offers contained in the e-mail chain have been redacted).

Thereafter, as Mr. Feinstein suggested, Citibank served a non-party subpoena upon Greenwich Bank. Citibank also served discovery requests, interrogatories and a deposition notice upon Plaintiff. Plaintiff has yet to serve any discovery requests. As Citibank also sought to depose Mr. Feinstein, my

Judge Charles S. Haight, Jr.
May 14, 2013
Page 3

Bryan Cave LLP

colleague sent him an e-mail on May 6, 2013 requesting that he accept service of a subpoena in order to avoid inconveniences to him of being served by a process server. Hearing no response from Mr. Feinstein, my colleague sent a follow-up e-mail yesterday. We did not receive a response from him, but learned this morning that Mr. Feinstein sent his letter to the Court on May 10.

Mr. Feinstein's accusation that Citibank has violated this Court's Standing Order on Scheduling in Civil Cases by serving discovery is patently false. Mr. Feinstein quotes the rule with which Citibank has complied: "the parties may commence formal discovery immediately [after a Rule 26(f) conference] without awaiting entry of a scheduling order." Because the parties held a Rule 26(f) conference, Citibank properly served its discovery requests even though the Rule 26(f) report has not been completed. Indeed, the only reason a Rule 26(f) report was not submitted to the Court is that Plaintiff rejected Citibank's draft, which reflected Citibank's view that a deposition of Mr. Feinstein was necessary.

Further, there is no basis for Plaintiff to seek a protective order in connection with Citibank's subpoena of Mr. Feinstein. Mr. Feinstein's own statements, included in the e-mail attached as Exhibit 2, make clear that Citibank has a good faith basis to take his testimony and to seek his withdrawal as counsel. That Mr. Feinstein refuses to stipulate that Plaintiff will not call him as a witness in this action demonstrates exactly why Citibank should be entitled to his deposition. Local Rule 83.13 exists to prevent attorneys from wearing two hats in this manner, and Citibank should not be forced to face the risk of being sandbagged by Mr. Feinstein's future testimony at trial or in support of a motion without having had the opportunity to depose him.

While Citibank believes there is no merit to the relief that Plaintiff seeks, Citibank is available for participation in a status conference to discuss, *inter alia*, Plaintiff's refusal to complete the Rule 26(f) report, the scheduling of discovery, and the necessity that Mr. Feinstein withdraw as counsel in this action.

Respectfully submitted,

Noah Weissman

cc:   Albert Feinstein, Esq. (via Federal Express) (Plaintiff's counsel)

1730658.1