UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVEGENIY ARDEMASOV, | : CIVIL ACTION NO. 12-01570 |
| Plaintiff | : |
| - against - | : |
| CITIBANK, N.A. | : JUNE 5, 2013 |
| Defendant. | : |

**DEFENDANT CITIBANK, N.A.'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL ALBERT FEINSTEIN**

Bryan Cave LLP
Noah M. Weissman, Esq.
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000 – Phone
(212) 541-4630 – Fax
nmweissman@bryancave.com

*Attorneys for Defendant Citibank, N.A.*

**PRELIMINARY STATEMENT**

Defendant Citibank, N.A. demonstrated in its counsel's May 14, 2013 letter (the "May 14 Letter") that Albert Feinstein cannot serve as litigation counsel to Plaintiff Evgeniy Ardemasov because Mr. Feinstein's own statements demonstrate that he will be called as a witness. Mr. Feinstein indisputably was the sole person having communications with Greenwich Bank and Trust ("Greenwich Bank") regarding whether or not Greenwich Bank would extend the maturity date on Plaintiff's construction loan and reinstate or continue with Plaintiff's loan application for a term loan. Mr. Feinstein also was the sole person, by his own admission, who had the interactions with Defendants that he claims show that "Citibank acted negligently, if not outright fraudulently, by misleading Plaintiff about the status of his loan, by providing untrue updates and giving three (3) completely contradictory explanations as to why Plaintiff's application for a mortgage was denied…." (Opp. at 2.)

While Mr. Feinstein postures about harassment and intimidation, he notably refused to confirm to Defendants and refuses to confirm to this Court that he will not appear as a witness at trial. Instead, he insists on preserving that option while seeking to preclude any discovery by Citibank on what he would say at trial. In the absence of a stipulation that he will not testify, Mr. Feinstein should be disqualified from representing Plaintiff under Local Rule 83.13, and he must appear at a deposition to be conducted by Citibank.

**ARGUMENT**

I.  **Mr. Feinstein Has Provided Information Demonstrating That He Ought To Be Called As A Witness By Mr. Feinstein**

In opposing the motion, Plaintiff asserts that his claims solely concern Citibank's alleged April 6, 2012 instruction to Greenwich Bank to cancel his existing construction loan/line of credit and to suspend the processing of his application for a term loan. (Opp. at 2). Plaintiff contends that Mr. Feinstein should not be a witness in this action because he does not have "any direct knowledge about the events arising on April 6, 2012." (Opp. at 3). Plaintiff, however, ignores that both his claim and Citibank's defense do not solely concern events that occurred on or before April 6, 2012, when Mortgage Information Services ("MIS") sent the request for pay-off information, which supposedly led Greenwich Bank to stop considering Plaintiff's application for permanent financing. Instead, the events that occurred after April 6, in which Mr. Feinstein played a key role, control to what extent, if any, Plaintiff was harmed by any confusion engendered by the MIS letter.

First, Mr. Feinstein is the sole person, on behalf of Plaintiff, that had communications with Greenwich Bank after April 6, 2012. Mr. Feinstein was the person who allegedly spoke to Greenwich Bank about extending his credit line/construction loan beyond the initial maturity date to allow Plaintiff time to pursue an application for a term loan. Mr. Feinstein also was the person who spoke to Greenwich about whether or not Plaintiff intended to cancel his loan application, and Mr. Feinstein was the person who spoke to Greenwich about whether or not Plaintiff wanted his loan application reinstated or further considered.

A review of Mr. Feinstein's communications with Greenwich Bank demonstrates that he ought to be called as a witness on these issues. The January 10, 2013 e-mail, submitted as Ex. 2 to the Declaration of Noah M. Weissman ("Weissman Decl."), purportedly from Richard Muskus, the President of Greenwich Bank, to Mr. Feinstein, reflects that Mr. Feinstein himself was in active communication with Mr. Muskus concerning Plaintiff's line of credit with Greenwich Bank. Mr. Muskus wrote: "On May 29th, not having received a follow up scheduling response from Ms. Bridell, I personally contacted Attorney Feinstein requesting status. Attorney Feinstein responded thereafter that he was unaware of such a payoff pending from a third party…"

Notably, Mr. Muskus' e-mail proceeds to negate all of Plaintiff's claims in this action. While Plaintiff claims that because of Citibank's alleged conduct, Greenwich Bank cancelled his line of credit, Mr. Muskus states the opposite, confirming that Greenwich Bank extended Plaintiff's line of credit for an additional six months so the approval process for a term loan could proceed:

> Based on the relationship in place with the Borrower, the Bank was willing to pursue approval of an extension of said maturity date as the permanent mortgage approval process would have to be started from the beginning.…. On June 21, 2012 the Bank proceeded with a formal extension of the maturity date, granting a new maturity date of December 31, 2012 under the same terms and conditions as set forth in the original construction loan.

Because Plaintiff seeks damages in this case under a theory that Citibank caused Greenwich Bank to cancel his line of credit and prevented him from getting a permanent loan with Greenwich, Citibank is entitled to depose Mr. Feinstein on these issues, and it is clear that Mr. Feinstein ought to be a witness on these issues at trial.

Second, Plaintiff contends that, in June and July 2012, Citibank somehow committed an actionable wrong in what it advised Mr. Feinstein about the status of

Plaintiff's loan application and in the reasons it conveyed to Mr. Feinstein for rejecting Plaintiff's loan application. (Opp. at 2.) (It bears mention, however, that Plaintiff's complaint does not appear to actually assert such a claim, focusing instead on the impact of the MIS letter on his loan and loan application with Greenwich Bank.)  On November 8, 2012, Mr. Feinstein sent a self-serving e-mail, which purported to set forth "the timeline of the events" giving rise to Plaintiff's contention.  In Paragraphs 7, 8, 9, 10, 11, 12, 13 and 14 of that timeline, Mr. Feinstein details all of his communications with Citibank that he claims show "Citi's whole process spiraled out of control…."  (*See* e-mail submitted as Weissman Decl., Ex. 1).  Notably, Mr. Feinstein's "timeline of the events" reflects only his conduct – Plaintiff is completely absent as a witness to these supposedly relevant events and communications.   Finally, Plaintiff concedes in opposition to the motion that Mr. Feinstein had communications "in the course of representing Plaintiff's interest in connection with Plaintiff's loan application."  (Opp. at 6).

Mr. Feinstein cannot frame his client's claims around events in which he played an integral role and then seek to preclude Citibank from taking discovery from him on those events and preserve his option of testifying at trial.

## II.  Because Mr. Feinstein Will Not Voluntarily Withdraw, The Court Should Disqualify Him From Representing Plaintiff In This Case

Citibank has demonstrated that Local Rule 83.13 requires Mr. Feinstein's disqualification as counsel in this case because he ought to be called as a witness and refuses to withdraw as Plaintiff's litigation counsel.  (*See* May 14 Letter at 2).  Local Rule 83.13 is virtually identical to Disciplinary Rule 5-102(A) of the Code of

Professional Responsibility ("DR 5-102(A)").  As with Local Rule 83.13, DR 5-102(A) applies when a lawyer "ought to be called as a witness on behalf of his client."  In *MacArthur v. Bank of New York*, 524 F. Supp. 1205, 1208 (S.D.N.Y. 1981), the court considered the meaning of "ought to be called as a witness":

> That the lawyer may not actually testify is not controlling.  What matters is that he ought to testify…. Defendant's argument that [the lawyer's] testimony would merely corroborate other testimony, even if accurate, is unavailing.  The test is whether the attorney's testimony could be significantly useful to his client; if so, then he ought to be called.

*Id.* (citation omitted).  Thus, although Plaintiff asserts that "Defendants could always depose other witnesses" instead of Mr. Feinstein (Opp. at 6), that argument is unavailing.  If Plaintiff has any facts that support his claim, they will come from Mr. Feinstein.

Disqualification of Mr. Feinstein is necessary to prevent Citibank from being prejudiced by undue credibility that may be attributed to Mr. Feinstein's testimony by a jury.  In disqualifying counsel that represented the client in a transaction from serving as litigation counsel, the court in *Munk v. Goldome Nat'l Corp.*, 697 F. Supp. 784, 786 (S.D.N.Y. 1988) considered the purposes of DR 5-102(A):

> Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate.  If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness.  Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case.  An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility.

*Id.* (quoting Ethical Consideration 5-9).  In *Munk*, the transactional counsel was disqualified because of "the potential significance of the [] attorney's testimony to their client's defense and the potential problems such testimony poses to the client, to opposing counsel, and to the profession." *Id.* at 788.  Moreover, "[w]here an attorney has

observed or participated in events giving rise to facts disputed at trial, a jury may misinterpret 'his questions or summation as testimony conveying his own version' of those events." *Two's Co., Inc. v. Transamerica Ins. Co.*, 653 F. Supp. 255, 258 (S.D.N.Y. 1986) (citation omitted).  For these reasons, the Second Circuit has held that "in the disqualification situation, any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975).

The Supreme Court of Connecticut has also applied DR 5-102(A) and held that "[w]henever counsel for a client reasonably foresees that he will be called as a witness to testify on a material matter, the proper action is for that attorney to withdraw from the case." *State v. Rapuano*, 192 Conn. 228, 231 (1984) (overruled on other grounds). Notably, the Supreme Court of Connecticut simply specifies "a witness to testify on a material matter" – not a "material witness" as Plaintiff suggests the applicable standard to be.  The *Rapuano* Court noted that if "an attorney does not withdraw, a court exercising its supervisory power can enforce the mandate of DR 5-102(A) and disqualify the attorney." *Id*. at 232.  Respectfully, this Court should do so because the information that Mr. Feinstein provided to Citibank's counsel makes clear that he ought to be called as a witness.

The cases cited by Plaintiff in opposition to this motion are easily distinguishable, and thus unavailing.  In *Tucker v. Am. Int'l Group, Inc.*, No. 3:09-CV-1499 (CSH), 2012 WL 314866 (D. Conn. Jan. 31, 2012), this Court held that the need for the attorneys' testimony was "difficult to discern" because there had already "been considerable testimony from other witnesses, both in depositions and discovery responses, regarding the issue of settlement negotiations." *Id.* at *13-14.  Here, the information provided by

Mr. Feinstein shows that Mr. Feinstein – and not Plaintiff – is the only witness who can testify to Plaintiff's account of events giving rise to Greenwich's extension of his line of credit.

Plaintiff also relies upon a state court case, *Blakemar Constr., LLC v. CRS Eng'g, Inc.*, No. CV040412727S, 2005 WL 647731, at *2 (Conn. Super. Feb. 10, 2005). However, in that case, the Court declined to disqualify the attorney because the party seeking disqualification did not point to any facts that would establish the attorney was "a necessary witness." Plaintiff has not presented any authority interpreting this Court's Local Rule which establishes "a necessary witness" standard. The standard to be applied under the Local Rule is whether the lawyer "ought to be called as a witness" – not whether the lawyer is a "necessary" or "material" witness. Moreover, unlike in *Blakemar*, Citibank has directed the Court to Mr. Feinstein's own statements, and Mr. Muskus' e-mail, which indicate that Mr. Feinstein ought to be a witness.

Plaintiff's reliance on *Rubis v. Hartford Fire Ins. Co.*, Civ. No. 3:11CV796 (WWE), 2012 WL 996530 (D. Conn. March 23, 2012) is similarly unavailing. That decision granted a motion to quash subpoenas served upon the plaintiffs' counsel. Most basically, that case concerned discovery, not disqualification. Still, the decision, which did not address Local Rule 83.13, rested on whether "there may be less disruptive means of getting the information that defendant seeks" rather than deposing the plaintiffs' attorney. The factual record here, however, set forth in the e-mails provided by Mr. Feinstein to Citibank's counsel, makes clear that there is not a less disruptive means of obtaining information in this case, as Mr. Feinstein submits that he – and not Plaintiff – engaged in the allegedly material discussions with Greenwich Bank and Citibank.

Accordingly, Mr. Feinstein should be disqualified from representing Plaintiff.

### III. Citibank's Seeking Mr. Feinstein's Representation That He Will Not Testify In This Case Does Not Undermine Citibank's Motion

Plaintiff argues in his opposition that by seeking Mr. Feinstein's representation that he will not testify in this case, Citibank "clearly demonstrates that such testimony is not necessary." (Opp. at 1, 7). This position is nonsensical. The information that Mr. Feinstein has provided demonstrates that he was intimately involved in discussions with Greenwich Bank and Citibank and that Citibank can expect that he ought to be called as a witness by Plaintiff to support Plaintiff's claims. When Citibank sought discovery from Mr. Feinstein and raised its concerns about his serving as litigation counsel, Mr. Feinstein vociferously objected. In an effort to resolve the dispute and solidify whether Mr. Feinstein would offer testimony, Citibank's counsel raised the idea of the stipulation.

Putting aside Mr. Feinstein's reaction that this offer was untoward, he notably refused to confirm that he would not testify and has maintained that position in response to this motion. Absent such a stipulation, Citibank must contend with the unfair prejudice of Mr. Feinstein serving as litigation counsel and a key testifying witness. Regardless, Citibank is entitled to depose him during discovery. There is nothing contradictory in Citibank's position.

**CONCLUSION**

Wherefore, for the reasons stated herein and in the May 14 Letter, Citibank respectfully requests entry of an Order disqualifying Albert Feinstein from representing Plaintiff in this action, and such other and further relief as the Court deems proper.

**DEFENDANT,**

CITIBANK, N.A.


By: /s/ Noah M. Weissman
    Noah M. Weissman, Esq.
    Bryan Cave LLP
    1290 Avenue of the Americas
    New York, New York 10104
    (212) 541-2000 – Phone
    (212) 541-4630 – Fax
    nmweissman@bryancave.com

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereof, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic system.

/s/ Noah M. Weissman
Noah M. Weissman