UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVEGENIY ARDEMASOV,                    : CIVIL ACTION NO. 12-01570
                                       :
            Plaintiff                  :
                                       :
      - against -                      :
                                       :
CITIBANK, N.A.                         : OCTOBER 24, 2014
                                       :
            Defendant.                 :

DEFENDANT CITIBANK, N.A.'S
MOTION TO COMPEL PLAINTIFF TO RESPOND TO DOCUMENT
REQUESTS AND INTERROGATORIES AND TO APPEAR FOR DEPOSITION
AND OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY

Pursuant to Fed. R. Civ. P. 37 and Local Civil Rule 37, Citibank, N.A. ("Citibank") moves to compel Plaintiff Evgeniy Ardemasov to respond to Citibank's interrogatories and document requests and to appear for a noticed deposition. Citibank also opposes Plaintiff's letter application seeking to stay discovery.

Plaintiff's baseless refusal to provide discovery and request for a stay should not be countenanced. Plaintiff accordingly should be responsible for the costs Citibank has incurred bringing this motion and opposing Plaintiff's baseless request for a discovery stay.

**FACTS**

Almost two years ago, on January 29, 2013, the parties met and conferred as required by Fed. R. Civ. P. 26(f). (*See* Rule 26(f) Report [D.E. 17] at 1). Citibank prepared a draft Rule 26(f) report and submitted it to Plaintiff for consideration. Plaintiff's counsel, who had served as Plaintiff's transactional counsel in connection with

the events leading to the dispute and now served as litigation counsel, refused to sign the report since it listed him as a possible witness.  Plaintiff's refusal prevented Citibank from filing the Rule 26(f) report and led Plaintiff's counsel to raise the issue of his possible testimony with the Court.  (*See, e.g.*, D.E. 13-2, e-mail from Plaintiff's counsel dated February 15, 2013) ("At this point, I strongly suggest that [Citibank] take the disqualification matter up with the judge before we proceed with Rule 26(f) Report.")

After the Rule 26(f) conference, Citibank sought to move forward with discovery. On May 3, 2013, Citibank served document requests, interrogatories and a deposition notice upon Plaintiff.  (Copies attached as Exhibits 1 through 3, respectively, to the Declaration of Noah M. Weissman ("Weissman Decl.").)  Plaintiff failed to respond to these discovery requests.

Citibank also commenced non-party discovery.  On April 26, 2013, Citibank served notice to Plaintiff of issuance of a subpoena to non-parties Greenwich Bank and Trust Company ("Greenwich Bank") and Richard Muskus, the President of Greenwich Bank.  On or about May 21, 2013, Greenwich Bank and Mr. Muskus served objections to those subpoenas.

On May 15, 2013, the Court stayed this action pending resolution of a motion to disqualify Plaintiff's counsel.  [D.E. 11].  The stay was lifted on April 23, 2014, when the Court denied that motion.  [D.E. 16].  With the stay lifted, Citibank sought to continue discovery.  On June 16, 2014, the parties filed their Rule 26(f) report.  [D.E. 17].

Notwithstanding the stay being lifted, Plaintiff still failed to respond to the outstanding discovery requests.  As required by Local Civil Rule 37(a), Citibank attempted to meet and confer with Plaintiff regarding Plaintiff's failure to respond to

Citibank's document requests and interrogatories.  On August 1, 2014, Citibank wrote to Plaintiff requesting compliance with the outstanding discovery requests.  (Weissman Decl., Ex. 4).  On August 7, 2014, Plaintiff's counsel responded to Citibank's letter, indicating that his office had "no record" of the outstanding discovery requests. (Weissman Decl., Ex. 5).  On August 11, 2014, Plaintiff's counsel changed tactics and wrote another e-mail, stating that Citibank's discovery requests were "untimely" because they were served before entry of a Rule 26(f) report.  (Weissman Decl., Ex. 6).

Citibank disagreed with Plaintiff's contention, explaining that its discovery requests were served after the parties met and conferred pursuant to Rule 26(f). Nonetheless, in an effort to resolve the dispute without burdening the Court, on August 25, 2014, Citibank re-served its discovery requests upon Plaintiff.  A copy of Citibank's cover letter, and its re-served discovery requests, is attached as Weissman Decl., Ex. 7.

Remarkably, Plaintiff also failed to serve answers or produce documents in response to Citibank's newly served discovery requests.  On September 26, 2014, Plaintiff's counsel instead wrote to Citibank's counsel to seek an adjournment of Plaintiff's deposition.  Citibank's counsel responded by asking when Plaintiff would provide responses to the August 2014 discovery requests.  (A copy of an e-mail chain reflecting counsel's discussions from September 26, 2014 through October 1, 2014 is attached as Weissman Decl., Ex. 8.)  On October 2, 2014, counsel to the parties had a meet and confer by telephone in which Plaintiff again refused to respond to Citibank's document requests and interrogatories and indicated Plaintiff would seek a discovery stay.  (Weissman Decl. ¶ 11).

Meanwhile, subsequent to the lifting of the stay, Greenwich Bank has produced documents in response to the subpoena issued to it and Citibank has provided a copy of those documents to Plaintiff.  On September 22, 2014, a copy of Greenwich Bank's initial document production was provided to Plaintiff.  On October 22, 2014, a copy of Greenwich Bank's second document production was provided to Plaintiff.  Citibank anticipates Greenwich Bank will complete its document production shortly and will provide a copy of any additional produced documents to Plaintiff, upon receipt.  A deposition of Richard Muskus, the former Greenwich Bank president, is scheduled to proceed the first week of November.

On October 8, 2014, Plaintiff sent a two-page letter to the Court, filed as a "motion", requesting that discovery be stayed pending resolution of Plaintiff's motion to amend his complaint.  [D.E. 24].

## ARGUMENT

### I.  Plaintiff Should Be Compelled To Respond To Citibank's Discovery Requests, Appear For A Deposition And Ordered To Pay Citibank's Reasonable Expenses

Plaintiff has defaulted in his obligation to respond to Citibank's interrogatories and requests for the production of documents.  Fed. R. Civ. P. 33(b)(2) provides that a "party must serve its answers and objections within 30 days after being served with the interrogatories."  Similarly, Fed. R. Civ. P. 34(b)(2)(a) provides a 30 day period to respond to document requests.

Here, Citibank initially served its interrogatories and document requests upon Plaintiff on May 3, 2013.  Twelve days later, on May 15, 2013, the Court stayed proceedings in this action.  The stay remained in effect until April 23, 2014.  At this time, Plaintiff had eighteen days remaining in his thirty day period to respond to Citibank's

interrogatories and document requests.  That period expired on May 11, 2014 – more than five months ago.  Plaintiff has not still not responded to the interrogatories and document requests.

Plaintiff is in default even if the thirty days is calculated from the August 25, 2014 re-service of the interrogatories and document requests.  Under that calculation, Plaintiff was required to respond by September 24, 2014.  Plaintiff failed to do so.

Pursuant to Local Civil Rule 37(a), Citibank was obligated to make a good faith attempt to resolve the discovery dispute before bringing this motion.  Citibank has done so.  Attempting to resolve Plaintiff's initial objection, Citibank re-served the discovery requests in August 2014, giving Plaintiff another opportunity to respond to the discovery requests after his lengthy default.

Plaintiff again failed to respond to discovery, leading Citibank to seek another meet and confer.  Before bringing this motion, Citibank's counsel made inquiries to Plaintiff's counsel as to when they would respond to the requests and when Plaintiff would appear for his noticed deposition.  Plaintiff indicated it would not provide the requested discovery but would move for a stay.

Accordingly, Citibank requests that the Court compel Plaintiff to respond to its interrogatories and document requests and to appear for the noticed deposition.  *See, e.g., Longobardi v. U.S.*, No. 3:12-CV-636 (CSH), 2013 WL 6331178 (D. Conn. Dec. 5, 2013) (Haight, J.) (granting defendant's motion to compel plaintiff to respond to interrogatories and document requests where plaintiff failed to do so prior to motion).

Further, pursuant to Fed. R. Civ. P. 37(b)(2)(c) and Local Civil Rule 37(c), Citibank respectfully requests that Plaintiff be ordered to pay Citibank's reasonable

expenses incurred in bringing this motion, including its attorneys' fees.  *See, e.g.* *Longobardi*, 2013 WL 6331178, at *3 ("the movant is entitled to reasonable expenses incurred in making the motion").

## II.  Plaintiff's Motion For A Stay of Discovery Should Be Denied

Plaintiff's motion seeking a stay of discovery in this action should be denied.  On October 8, 2014, Plaintiff submitted a two-page letter to the Court, requesting that all discovery in this matter be stayed until the Court rules on Plaintiff's motion to amend. [D.E. 24].  Plaintiff asserts that discovery should be stayed because Citibank opposed his motion to amend the Complaint on the grounds that granting such motion, and adding Greenwich Bank as a Defendant, would deprive this Court of jurisdiction.   For this reason, Citibank argued that Plaintiff's motion to amend should be denied.  *See* D.E. 20, citing *Caro v. Fidelity Brokerage Servs., LLC*, No. 3:12-CV-1066 (CSH), 2013 WL 3929708, at *2 (D.Conn. July 26, 2013) (J. Haight).  Notably, Plaintiff has never taken a position as to whether this Court would be deprived of jurisdiction and has failed to clarify the citizenship of Plaintiff for purposes of jurisdiction.

Discovery should not be stayed simply because a motion to amend is pending. Indeed, the Standing Order on Scheduling in Civil Cases 2(c) provides that "filing of a motion to dismiss will not result in a stay of discovery or extend the time for completing discovery."   Plaintiff here is simply attempting to avoid its discovery obligations and unnecessarily prolong this case.

It also bears mention that Plaintiff falsely asserts in his letter seeking a stay of discovery that "there has been absolutely no discovery and no activity in this case." [D.E. 24 at 1].  Citibank previously demonstrated that Plaintiff's identical assertions were

false.  [D.E. 22].   Moreover, Plaintiff's statement misleads the Court.   Discovery is ongoing with Greenwich Bank, which has produced documents in response to the non-party subpoena served upon it and is arranging the deposition of its former president, Richard Muskus.   The documents produced by Greenwich Bank, which have been provided to Plaintiff, appear dispositive of Plaintiff's claims in this action, showing that Greenwich Bank had independently chosen in March 2011 not to provide long-term financing to Plaintiff even before it received the MIS letter in April 2011 that forms the basis of Plaintiff's claims.  (Weissman Decl., Ex. 9).

Equally baseless is Plaintiff's argument that Citibank "commenced excessive activity" after Plaintiff filed its motion to amend in order to support its assertion that the motion to amend should be denied to avoid the necessity to repeat discovery if this case is remanded to state court.  [D.E. 24 at 2].  In fact, Citibank served its document requests, interrogatories, deposition notices and third-party subpoenas upon Greenwich Bank and Mr. Muskus in 2013 – more than a year before Plaintiff sought to amend his Complaint.

In addition, Plaintiff filed his motion to amend just days after entry of the Electronic Scheduling Order on June 17, 2014.  [D.E. 18].  Citibank, as appropriate, diligently renewed its efforts to obtain discovery shortly after entry of a scheduling order. Citibank believes that Plaintiff's claims in this action are without merit.  Citibank has attempted to proceed with discovery so that it can move for summary judgment to dismiss Plaintiff's claims.

Regardless, even if this action is remanded to state court, the discovery sought would be the same in that action.  Indeed, Greenwich Bank's document production contains documents that are fully dispositive of Plaintiff's claims in this action and any

state action.   Plaintiff has alleged that Citibank caused Greenwich Bank to close Plaintiff's "line of credit" and deny Plaintiff's application for long-term financing by causing its alleged agent, Mortgage Information Services ("MIS"), to send a pay-off request to Greenwich Bank.  (*See, e.g.*, Complaint ¶ 16).  The documents produced by Greenwich Bank, however, plainly refute Plaintiff's allegations.  These documents reflect that Greenwich Bank decided, in the third week of March 2012, that it would not provide long term financing to Plaintiff due to Bank Secrecy Act ("BSA") concerns, and would only provide a few month extension of Plaintiff's construction loan so Plaintiff could seek alternative financing to pay off his construction loan.  In other words, this decision was made at least in the month before Greenwich Bank received the MIS letter and was made because of Greenwich Bank's independent determination that a loan to Plaintiff raised BSA concerns.  E-mail produced by Greenwich Bank reflecting these facts are attached as Weissman Decl., Exhibit 9.

It is noteworthy that Plaintiff has engaged in <u>no</u> activity.   Plaintiff filed this lawsuit in October 2012.  In the two years since filing the lawsuit, Plaintiff has not served a single document request, interrogatory, deposition notice or subpoena.   Nor has Plaintiff responded to any of the discovery requests that have been served upon him. Rather than attempting to prosecute his case, Plaintiff now baselessly seeks a stay of discovery, to prolong this action even more, perhaps with hopes of extracting some settlement.  Plaintiff's lack of interest in prosecuting his own action should not prevent Citibank from taking discovery to enable it to move for summary judgment dismissing this meritless lawsuit.

Accordingly, Plaintiff's request for a stay of discovery should be denied.

## <u>CONCLUSION</u>

WHEREFORE, Citibank respectfully requests entry of an Order (i) compelling Plaintiff to respond to Citibank's interrogatories and document requests and to appear for a deposition; (ii) requiring Plaintiff to pay Citibank's reasonable expenses, including attorneys' fees, incurred in bringing this motion; (iii) denying Plaintiff's motion to stay discovery; and (iv) such other and further relief as the Court deems proper.

**DEFENDANT,**

CITIBANK, N.A.

By: <u>/s/ Noah M. Weissman</u>
    Noah M. Weissman, Esq.
    Bryan Cave LLP
    1290 Avenue of the Americas
    New York, New York 10104
    (212) 541-2000 – Phone
    (212) 541-4630 – Fax
    nmweissman@bryancave.com

CERTIFICATION OF SERVICE

I hereby certify that on the date hereof, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic system.

/s/ Noah M. Weissman
Noah M. Weissman