UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVEGENIY ARDEMASOV, | : CIVIL ACTION NO. 12-01570 |
| Plaintiff | : |
| - against - | : |
| CITIBANK, N.A. | : OCTOBER 24, 2014 |
| Defendant. | : |

DECLARATION OF NOAH M. WEISSMAN
IN SUPPORT OF CITIBANK, N.A.'S
MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DISCOVERY REQUESTS AND TO APPEAR FOR A DEPOSITION
AND IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY

Noah M. Weissman, pursuant to 28 U.S.C. § 1746, declares:

1. I am a Partner of Bryan Cave LLP, attorneys for Defendant Citibank, N.A. ("Citibank") in the above-captioned action, and am personally familiar with the facts stated herein. I submit this declaration in support of Citibank's motion to compel Plaintiff Evgeniy Ardemasov ("Plaintiff") to respond to Citibank's interrogatories and document requests and to appear for a noticed deposition, and in opposition to Plaintiff's motion for a stay of discovery.

2. On May 3, 2013, Citibank served document requests, interrogatories and a deposition notice upon Plaintiff. A copy of the document requests served by Citibank is attached as Exhibit 1; a copy of the interrogatories served by Citibank is attached as Exhibit 2; and a copy of the deposition notice served by Citibank is attached as Exhibit 3.

3. Plaintiff has not responded to the discovery requests served by Citibank.

4. As required by Local Civil Rule 37(a), Citibank attempted to meet and confer with Plaintiff regarding Plaintiff's failure to respond to Citibank's document requests and interrogatories before bringing this motion.

5. On August 1, 2014, Citibank wrote to Plaintiff requesting compliance with the outstanding discovery requests. A copy of the letter is attached as Exhibit 4.

6. On August 7, 2014, Plaintiff's counsel responded to Citibank's letter, indicating that his office had "no record" of the outstanding discovery requests. A copy of the e-mail response is attached as Exhibit 5.

7. On August 11, 2014, Plaintiff's counsel changed tactics and wrote another e-mail, stating that Citibank's discovery requests were "untimely" because they were served before entry of a Rule 26(f) report. A copy of the e-mail is attached as Exhibit 6.

8. Citibank disagreed with Plaintiff's contention, explaining that its discovery requests were served after the parties met and conferred pursuant to Rule 26(f). Nonetheless, in an effort to resolve the dispute without burdening the Court, on August 25, 2014, Citibank re-served its discovery requests upon Plaintiff. A copy of Citibank's cover letter, and its re-served discovery requests, is attached as Exhibit 7.

9. Plaintiff again failed to respond to Citibank's newly served discovery requests.

10. On September 26, 2014, Plaintiff's counsel wrote to Citibank's counsel to seek an adjournment of Plaintiff's deposition. Citibank's counsel responded by asking when Plaintiff would provide responses to the August 2014 discovery requests. A copy of an e-mail chain reflecting counsel's discussions from September 26, 2014 through October 1, 2014 is attached as Exhibit 8.

11. On October 2, 2014, counsel to the parties had a meet and confer by telephone in which Plaintiff again refused to respond to Citibank's document requests and interrogatories and indicated Plaintiff would seek a discovery stay.

12. Notwithstanding Citibank's good faith effort to resolve this discovery dispute, because Plaintiff has refused to respond to Citibank's document requests and interrogatories or schedule a date for Plaintiff's deposition, Citibank brought its motion to compel.

13. Meanwhile, Greenwich Bank and Trust Company ("Greenwich Bank") has produced documents in response to the subpoena issued to it by Citibank. On September 22, 2014, a copy of Greenwich Bank's initial document production was provided to Plaintiff. On October 22, 2014, a copy of Greenwich Bank's second document production was provided to Plaintiff. Citibank anticipates Greenwich Bank will complete its document production shortly and will provide a copy of any additional produced documents to Plaintiff, upon receipt. A deposition of Greenwich Bank's former president is scheduled for the first week in November.

14. Greenwich Bank's document production contains documents that are fully dispositive of Plaintiff's claims in this action. Plaintiff has alleged that Citibank caused Greenwich Bank to close Plaintiff's "line of credit" and deny Plaintiff's application for long-term financing by causing its alleged agent, Mortgage Information Services ("MIS"), to send a pay-off request to Greenwich Bank. (See, e.g., Complaint ¶ 16).

15. The documents produced by Greenwich Bank, however, plainly refute Plaintiff's allegations. These documents reflect that Greenwich Bank decided, in the third week of March 2012, that it would not provide long-term financing to Plaintiff due

to Bank Secrecy Act ("BSA") concerns, and would only provide a few month extension of Plaintiff's construction loan so Plaintiff could seek alternative financing to pay off his construction loan.  In other words, this decision was made at least in the month before Greenwich Bank received the MIS letter and was made because of Greenwich Bank's independent determination that a loan to Plaintiff raised BSA concerns.  E-mail produced by Greenwich Bank reflecting these facts are attached as Exhibit 9.

16.     Based upon the discovery provided by Greenwich Bank, Citibank intends to move for summary judgment to dismiss this action with prejudice.


Pursuant to 28 U.S.C. § 1746, I, Noah M. Weissman, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on October 24, 2014
    New York, New York

                         /s/ Noah M. Weissman
                          Noah M. Weissman

## CERTIFICATION OF SERVICE

I hereby certify that on the date hereof, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

/s/ Noah M. Weissman
Noah M. Weissman