UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------- x
EVGENIY ARDEMASOV                              Index No. 3:12-cv-01570-CSH

                Plaintiff,

    -against-


CITI BANK, N.A

                Defendant.
-------------------------------------------------------- x

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO DOCUMENT REQUESTS AND INTERROGATORIES AND TO APPEAR FOR DEPOSITION AND OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY

On October 24, 2014, Defendant Citibank, N.A. ("Defendant") filed a Motion to Compel Plaintiff to Respond to Document Requests and Interrogatories and to Appear for Deposition and Opposition to Plaintiff's Motion to Stay Discovery ("Motion"). Defendant's Motion should be denied because it is procedurally defective as Defendant failed to comply with the good faith meet-and-confer requirement of the Fed. R. Civ. P. 37(a) and Local Civil Rule 37(a). Moreover, Defendant's arguments in the Motion contradict Defendant's own previous contentions in opposition to Plaintiff's pending motion for leave to amend the complaint ("Motion to Amend") that Defendant will be prejudiced by amendment because Defendant will have to completely re-do discovery if forced to proceed with discovery in the state court. Now, Defendant claims that "even if this action is remanded to state court, the discovery sought would be the same". (Motion, ECF No. 25 at 7). Defendant cannot have it both ways – if there is no prejudice to Defendant, then, Plaintiff's pending Motion to Amend should be granted.

Local Civil Rule 37(a) requires that the counsel before making the motion to compel discovery "has conferred with opposing counsel and discussed the discovery issues between

them *in detail in a good faith effort* to eliminate or reduce the area of controversy." (emphasis added).

"[P]rior to seeking judicial resolution of a discovery dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute. The failure to confer in good faith over discovery disputes in violation of a local rule clearly "multiplies the proceedings ... unreasonably and vexatiously." *Apex Oil Co. v. Belcher Co. of New York*, 855 F.2d 1009, 1019-20 (2d Cir. 1988).

In *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997), the court found the motion to compel discovery "improper because the parties have not established that they have adequately conferred in an attempt to resolve their disputes" where the counsel in his supporting affidavit "conclusorily states that he conferred with Columbia's attorneys 'in a good faith effort to resolve' their outstanding discovery disputes."

Defendant's counsel in his declaration in support of the Motion states that "in an effort to resolve the dispute without burdening the court, on August 24, 2014, Citibank re-served its discovery requests upon Plaintiff". (Weissman Decl. ¶ 8). Re-serving requests is clearly not a good faith attempt to meet and confer, as required by the procedural rules. Further, Defendant describing its "good faith" efforts in the supporting declaration, simply restates that Plaintiff failed to respond to Defendant's repeating discovery requests and concludes that Defendant completed a good faith effort to resolve this discovery dispute. (Weissman Decl. ¶¶ 9, 11-12). Defendant's repeated demands and conclusive statements about a "good faith" attempt are far from describing an effort to resolve discovery dispute in detail. Moreover, Defendant did not attempt any discussions with respect to the discovery dispute after Plaintiff filed a letter motion to stay the discovery on October 8, 2014, which outlined the nature of the dispute. Thus, Defendant failed to comply with the requirement of the Local Civil Rule 37(a) to confer in good faith before making the motion to compel discovery.

In addition to being procedurally defective, the instant Motion contradicts Defendant's argument in the opposition to Plaintiff's motion for leave to amend the Complaint that "[i]f Plaintiff's motion seeking leave to amend is granted, Citibank will be prejudiced as it may be necessary to serve revised discovery requests upon Plaintiff." (ECF No. 20 at 4). Now, Defendant states that "even if this action is remanded to state court, the discovery sought would be the same". (Motion, ECF No. 25 at 7). Thus, Defendant's previous and only argument in opposition to Plaintiff's motion for leave to amend the Complaint (ECF No. 20) still pending before this Court is moot - there will be no prejudice to Defendant.

Accordingly, Plaintiff respectfully asks that this Court deny Defendant's Motion in its entirety.

Dated: November 24, 2014
New York, New York

Respectfully submitted,

*Albert Feinstein*
_____
By: Albert Feinstein, Esq.
Feinstein & Partners, PLLC
*Attorneys for the Plaintiff*
1500 Broadway, Suite 1900
New York, New York 10036
Tel: (212) 224-0224
Fax: (212) 202-4069
albert.feinstein@feinsteinpartners.com
Juris: 432813